UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20777-CIV-GRAHAM/PALERMO

**PASCUAL RODRIGUEZ,**

 **Plaintiff,**

v.

**MICHAEL J. ASTRUE,**

 **Defendant.**

_____/

## REPORT AND RECOMMENDATIONS ON MOTIONS FOR SUMMARY JUDGMENT

THIS CAUSE came on before the Court upon Claimant Pascual Rodriguez's ("Claimant") Motion For Summary Judgment With Supporting Memorandum of Law **[DE # 17]** and the Motion For Summary Judgment With Supporting Memorandum of Law **[DE # 18]** filed by Defendant Michael J. Astrue ("Defendant"). Both Claimant and Defendant filed responses to the motions for summary judgment **[See DE # 19 & 21]**.

The issues before the Court are whether there is substantial evidence to support the decision of the Administrative Law Judge which denied Claimant's application for supplemental security income benefits and whether the proper legal standards were applied by the Administrative Law Judge in making that decision. Upon review of the record, the docket and the arguments of Counsel, I recommend that this case be remanded for further proceedings before the Administrative Law Judge for the reasons set forth herein.

## I.      BACKGROUND

### A.      Procedural History

On December 6, 2006, Claimant filed a Title XVI application for supplemental security income. (Transcript[1] at 15). In his application, Claimant alleged that his disability began on May 1, 1990[2]. (Transcript at 15). Claimant's application was initially denied on February 13, 2007 and denied again on reconsideration on May 17, 2007. (Transcript at 15). Claimant requested a hearing on the denial of his application. (Transcript at 15).

The hearing took place before Administrative Law Judge Timothy Maher on July 7, 2009 ("ALJ"). (Transcript at 29). Claimant failed to appear at the hearing. (Transcript at 31). Claimant's attorney did appear at the hearing, however. (Transcript at 29). A vocational expert testified during the hearing. (Transcript at 38).

The ALJ issued his decision on September 24, 2009. (Transcript at 28). In his decision, the ALJ concluded that Claimant is not entitled to supplemental security income because he is not disabled under Section § 1614(a)(3)(A) of the Social Security Act. (Transcript at 28).

Claimant appealed the denial to the Appeals Council. (Transcript at 1). On January 28, 2010, the Appeals Council denied Claimant's request for review, making the ALJ's September 24, 2009 decision the final decision of the Commissioner of Social Security (the "Commissioner"). (Transcript at 1).

---

[1] Defendant filed a complete transcript of the administrative law record and proceedings with the Court **[DE # 10]** (hereinafter the "Transcript").

[2] Claimant's attorney later amended the alleged onset date to April 1, 2007. (Transcript at 15).

### B. Social Security Framework and Decision of the Administrative Law Judge

Social Security regulations establish a five-step sequential analysis to arrive at a final determination on claims for disability. 20 C.F.R. §§ 404.1520 & 416.920 (a)-(f). At the first step, the ALJ must determine whether the claimant is presently employed. If yes, a finding of non-disability is made, and the inquiry ends. 20 C.F.R. § 404.1520(b). In the second step, the ALJ must determine whether the claimant suffers from a severe impairment or combination of impairments. If no, then a finding of non-disability results, and the inquiry ends. 20 C.F.R. § 404.1520(c).

At step three, the ALJ compares the claimant's severe impairments to those in the "Listing of Impairments". 20 C.F.R. § 404.1520(d), subpart P, appendix I. If a claimant meets or equals the criteria of one of the listed impairments, the Social Security Administration will find the claimant disabled without regard to the claimant's age, education or work experience. 20 C.F.R. § 404.1520(d). Under these circumstances, disability is presumed and benefits are awarded. 20 C.F.R. § 404.1520(d).

If a claimant's impairment does not meet or equal a listed impairment, the ALJ must assess and make a finding regarding the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). A claimant's RFC is "what a claimant can do despite any physical or mental limitations caused by the impairment and its related symptoms." *Snyder v. Comm'r Soc. Sec.*, 330 Fed. Appx. 843, 849 n.9 (11th Cir. 2009). In order to make this finding, the ALJ must consider all of the claimant's impairments, including those that may not be severe. 20 C.F.R. § 404.1545(a)(2). The ALJ must make this finding "based on all the relevant medical and other evidence" in the case record. 20

C.F.R. §§ 404.1545(a)(3).

Step four involves a determination of whether the claimant's impairments prevent the claimant from performing his or her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant has the ability to perform his or her past relevant work, the claimant is not disabled and the inquiry ceases. 20 C.F.R. § 404.1520(f). If the claimant cannot perform his or her past relevant work, a prima facie case of disability is established. 20 C.F.R. §§ 404.1520(g) & 416.920(g). At step five of the analysis, the Commissioner has the burden to show that the claimant can make an adjustment to other work given his or her RFC, age, education and work experience. 20 C.F.R. § 404.1520(a)(4)(v).

The ALJ applied this five-part disability test and determined that Claimant was not disabled.[3] Although the ALJ acknowledged that Claimant did have two severe impairments - "schizoaffective disorder and polysubstance abuse disorder" - the ALJ concluded that Claimant's schizoaffective disorder[4] does not meet or medically equal the criteria one of the impairments on the "Listing of Impairments" found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Transcript at 17 - 18).

---

[3] In his decision, the ALJ "assumed that the Claimant has not engaged in substantial gainful activity since the amended alleged onset date." (Transcript at 17). The ALJ was forced to make this assumption because "Claimant failed to attend the administrative hearing, thus the [ALJ] did not have an opportunity to determine whether he worked since the alleged onset date." (Transcript at 17).

[4] The ALJ explained in his decision that he did not consider the materiality of Claimant's substance abuse disorder because "the effect of a substance abuse disorder is pertinent only if an individual's mental impairment renders him disabled. Since I have determined that the claimant's underlying schizoaffective disorder is not disabling, it is not necessary to address whether his substance abuse disorder is material." (Transcript at 18).

The ALJ also determined that Claimant "has the residual functional capacity to perform a full range of work at all exertional levels." (Transcript at 20). The ALJ concluded, however, that Claimant has several non-exertional limitations.[5] (Transcript at 20). The ALJ determined that "Claimant's ability to perform work at all levels has been compromised by [the] non-exertional limitations." (Transcript at 27). In order to determine the extent to which the non-exertional limitations affected Claimant's ability to work, the ALJ consulted a vocational expert. (Transcript at 27).

Based on the testimony of the vocational expert, the ALJ concluded that "considering the [C]laimant's age, education, work experience, and residual functional capacity, the [C]laimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Transcript at 27 - 28). Consequently, the ALJ found that Claimant "has not been under a disability, as defined in the Social Security Act, since April 1, 2007, the amended alleged onset date." (Transcript at 28). Accordingly, the ALJ concluded that Claimant was not entitled to supplemental security income. (Transcript at 28).

## II. STANDARD OF REVIEW

Judicial review of the factual findings in a disability case is limited to determining whether the record contains substantial evidence to support the ALJ's findings and whether the correct legal standards were applied. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Commissioner's findings of fact are conclusive if supported by substantial

---

[5] One of the non-exertional limitations found by the ALJ was that Claimant "can never understand, remember or carryout detailed or complex instructions." (Transcript at 20).

evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan,* 125 F.3d 1436, 1439 (11th Cir. 1997)).

In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. *See Foote v. Chater,* 67 F.3d 1553, 1560 (11th Cir. 1995); *see also Lamb v. Bowen,* 847 F.2d 698, 701 (11th Cir. 1988). The court may not reweigh evidence or substitute its judgment for that of the ALJ. *See Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Moreover, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *See id.*

No presumption of validity attaches to the conclusions of law made by the Commissioner, however. *Brown v. Sullivan,* 921 F.2d 1233, 1236 (11th Cir. 1991). A reviewing court may remand the decision of the Commissioner if it finds that the Commissioner's "decision is not supported by substantial evidence, or that the Commissioner (or the ALJ) incorrectly applied the law relevant to the disability claim." *Jackson v. Chater,* 99 F.3d 1086, 1092 (11th Cir. 1996). Where the reviewing court "cannot discern the basis for the ALJ's decision, a remand is appropriate for the Secretary to explain the basis for [the] decision." *Falcon v. Heckler,* 732 F.2d 827, 830 (11th Cir. 1984).

III.   ANALYSIS

Both parties filed motions for summary judgment **[DE # 17 & 18]**. In Claimant's motion for summary judgment, Claimant seeks to reverse the ALJ's decision on the grounds that the decision is not supported by substantial evidence. Specifically, Claimant maintains that the ALJ failed to apply the proper standards when he determined that Claimant did not show good cause for failing to appear at the July 7, 2009 hearing. **[DE # 17 at 8]**. Claimant also argues that the ALJ failed to properly resolve a conflict between the testimony of the vocational expert and the limitations found by the ALJ. **[DE # 17 at 13]**. Lastly, Claimant maintains that the ALJ improperly failed to accord greater weight to Claimant's treating physician. **[DE # 17 at 17]**.

In response, Defendant argues that the ALJ's decision is supported by substantial evidence. **[DE # 18 at 1]**. First, Defendant argues that the ALJ properly concluded that Plaintiff constructively waived his right to appear at the hearing. **[DE # 20 at 1]**. Second, Defendant maintains that the ALJ's reliance on the testimony of the vocational expert is appropriate because the expert's "testimony did not conflict with the DOT and no discrepancies existed which might have required resolution." **[DE # 20 at 4]**.

### A.   The ALJ Properly Concluded That Claimant Waived His Right to Appear at the July 7, 2009 Administrative Hearing

Claimant failed to appear at the July 7, 2009 administrative hearing. (Transcript at 25). The ALJ determined that Claimant properly received notice of the hearing and was aware of the hearing but failed to appear. (Transcript at 25). The ALJ promptly issued a Notice to Show Cause letter to Claimant wherein he provided Claimant with an opportunity

to explain his failure to attend the hearing. (Transcript at 126).

In his decision, the ALJ found that Claimant never responded to the Notice to Show Cause letter. (Transcript at 25). The ALJ noted that Claimant's sole response was to forward a letter from the program administrator of Claimant's residential treatment facility wherein the administrator alleged that a "miscommunication at the facility" resulted in Claimant not appearing at the hearing. (Transcript at 25). The ALJ concluded that the letter did not provide "good cause" to excuse Claimant's failure to appear. (Transcript at 26). Accordingly, the ALJ determined that Claimant waived his right to attend the hearing. (Transcript at 25).

Claimant asks the Court to remand this matter to allow Claimant another opportunity to testify in this case. **[DE # 17 at 11]**. Claimant maintains that the letter of explanation from the program administrator fully explains Claimant's failure to attend the hearing. **[DE # 17 at 11]**. Claimant argues that the ALJ wrongly determined that Claimant had the ability, on his own, to attend the hearing because "the ALF [Assisted Living Facility] *essentially* provides his meals, his transportation to appointments, and his medication . . . . As a result, *it is likely* the Plaintiff's ALF, case manager and outreach worker all coordinate Plaintiff's transportation to his medical and psychiatric appointments, group therapy and his disability hearing on a daily basis." **[DE # 17 at 11]** (emphasis added).

This argument is complete conjecture by Claimant's attorney, however. Claimant's attorney cites to no evidence in the record from anyone at Claimant's assisted living facility attesting to these claims. A review of the July 8, 2007 letter from Claimant's assisted living facility regarding Claimant's failure to appear at the July 7, 2009 hearing provides no

support for this statement from Claimant's attorney.[6]

The burden is on Claimant to show good cause for his failure to attend the hearing. See HALLEX I-2-4-25 (providing that "[i]f the claimant fails to respond to the Notice to Show Cause or fails to provide good cause for failure to appear at the scheduled hearing, the ALJ may then determine that the claimant has constructively waived his or her right to appear for a hearing, and the ALJ may issued a decision on the record.") Again, the letter from Claimant's program director is not sworn and simply states that a "miscommunication . . . subjected the client [to] not being in place for transportation." (Transcript at 131). The ALJ properly concluded that Claimant failed to meet his burden to establish good cause for his failure to attend the hearing and that Claimant constructively waived his appearance at the hearing.

### B. The ALJ's Failure to Properly Follow Social Security Administration Procedure When He Allowed the Vocational Expert to Testify Does Not Warrant a Remand of This Matter

Claimant maintains that the ALJ failed to follow the proper procedure outlined by the Social Security Administration in HALLEX when he allowed a vocational expert to testify at the July 7, 2009 hearing. **[DE # 17 at 11]**. Specifically, Claimant argues that the ALJ erred "by letting the vocational expert testify despite the fact that the vocational expert did

---

[6] The letter reads, in its entirety, that "I am writing this letter on behalf of our client Mr. Pascual Rodriguez in regards to his missed disability hearing on 7/7/09. Please excuse Mr. Rodriguez from being penalized for missing said hearing as he was not at fault for being absent. There was an inter-agency miscommunication between the case manager and the outreach worker which subjected the client [to] not being in place for transportation. Please accept our deepest apologies and if possible please re-schedule Mr. Rodriguez for another hearing. Thanking you in advance for your prompt attention to this urgent matter." (Transcript at 131).

not have a copy of the medical record, never reviewed the evidentiary record and was not aware of the hearing." **[DE # 17 at 12]**.  Defendant argues in response that the ALJ properly complied with HALLEX provision I-2-5-54. **[DE # 20 at 3]**.

Vocational expert Pedro Roman testified at the July 7, 2009 hearing. (Transcript at 38). Mr. Roman did not appear in person, rather, he testified by telephone. (Transcript at 34). A review of the record makes clear that Mr. Roman was unaware that he had been identified as the vocational expert in this case. (Transcript at 35). Mr. Roman was completely unprepared for the hearing, as evidenced by the following exchange:

| | |
|---|---|
| ALJ: | Okay. And just to make sure we are on the same page. We were scheduled for a 1 o'clock hearing, and the claimant's name is Pascual Rodriguez. |
| VE: | I'm sorry. I couldn't hear you. |
| ALJ: | We were scheduled for a 1 o'clock hearing with the claimant whose name is Pascual Rodriguez. **Are you not ready for that hearing?** |
| VE: | Caswell ER, and 1294 is the last four digits, right? |
| ALJ: | No. Pascual Rodriguez. |
| ATTY: | And 1608 are the last four digits. |
| VE: | No. I have a notice for Kerrington B. Watkins (Phonetic). |
| ALJ: | Right. That's the 2 o'clock. |

> VE: Okay. Let me check and one second please. **That file, Your Honor, I do not have**.

(Transcript at 35) (emphasis added).

HALLEX provision I-2-5-54 requires that the "ALJ *must* provide the VE with relevant vocational evidence that will assist the VE in providing the vocational opinion. This evidence *must* include: photocopies of the vocational evidence arranged in chronological order; . . . a list of the proposed exhibits tendered to the VE", among other items. *See* HALLEX I-2-5-54(C). HALLEX provision I-2-5-55 also requires that "[b]efore the VE testifies, the ALJ must: ensure on the record that the VE has examined all vocational evidence of record", among other requirements. Reviewing the transcript in this case, it is clear that the ALJ did not provide Mr. Roman with the relevant vocational evidence regarding Claimant in advance of the hearing in contravention of HALLEX provisions I-2-5-54 and I-2-5-55. The issue is whether these violations justify remanding this case back to the ALJ for additional vocational expert testimony.

The Eleventh Circuit has not definitively ruled on whether the HALLEX provisions have the binding force of law. *See George v. Astrue*, 338 Fed. Appx. 803, 805 (11th Cir. 2009). Yet, the majority of circuit courts of appeal that have directly considered this issue conclude that the HALLEX provisions do not have the force of law. *See Moore v. Apfel*, 216 F.3d 864, 868-69 (9th Cir. 2000) (concluding that the provisions are not binding); *Bordes v. Comm'r of Soc. Sec.*, 235 Fed. Appx. 853, 859 (3rd Cir. 2007) (same); *but see Shave v. Apfel*, S238 F.3d 592, 596-97 (5th Cir. 2001) (holding that HALLEX procedures

do not carry the force of law but the ALJ's failure to follow the procedures was grounds for remanding case where the failure resulted in prejudice to a claimant).

The United States Supreme Court has not ruled on this issue. In *Schweiker v. Hansen*, 450 U.S. 785, 789-90, 101 S.Ct. 1468, 1471 (1981), however, the United States Supreme Court concluded that the procedures contained in the Social Security Administration Claims Manual do not have the force of law. The Court explained: the Claims Manual "is not a regulation. It has no legal force, and it does not bind the SSA. Rather, it is a 13-volume handbook for internal use by thousands of SSA employees, including the hundreds of employees who receive untold numbers of oral inquiries like respondent's each year. If [the Social Security Administration agent's] minor breach of such a manual suffices to estop petitioner, then the Government is put 'at risk that every alleged failure by an agent to follow instructions to the last detail in one of a thousand cases will deprive it of the benefit of the written application requirement which experience has taught to be essential to the honest and effective administration of the Social Security Laws.'" *Id.* (citations omitted).

Applying this reasoning in the instant case, the provisions of the HALLEX, while an important procedural guide for administrative law judges, also do not have the force of law. The HALLEX was not published in "either the Federal Register or the Code of Federal Regulations, indicating that the manual was not promulgated in accordance with the procedural requirements imposed by Congress for the creation of binding regulations and was not intended to be binding." *Moore*, 216 F.3d at 869. Accordingly, in the absence of any binding precedent from the United States Supreme Court or the Eleventh Circuit and in conformance with the decisions of the Third and Ninth Circuits, I conclude that the

HALLEX procedures are not binding. Thus, I find that the ALJ's violation of procedure I-2-5-54 does not warrant remand of the ALJ's decision in this case.

### C. The ALJ's Failure to Clarify The Conflict Between the Jobs Identified by the Vocational Expert and the Descriptions of Those Jobs in the Dictionary of Occupational Titles Warrants Remand of This Matter

The ALJ's failure to ask the vocational expert to clarify a conflict between his testimony and information contained in the Dictionary of Occupational Titles does warrant remand, however. Claimant argues that the ALJ erred when he solicited testimony from the vocational expert about the jobs that Claimant was purportedly able to perform. **[DE # 17 at 12]**. Claimant maintains that the testimony elicited from Mr. Roman was "not consistent with information in the DOT [Dictionary of Occupational Titles], [thus] the [ALJ] [was required to] resolve this conflict before relying on the VE evidence to support a determination or decision that the individual is or is not disabled." **[DE # 17 at 12-13]**.

Specifically, Claimant claims that the ALJ's finding that Claimant "can never understand, remember, or carry out detailed or complex instructions" precludes him from qualifying from any job with an SVP of 2 or above. **[DE # 17 at 13]**. Claimant argues that two of the jobs identified by Mr. Roman as jobs that Claimant can perform - "automobile detailer" and "cleaner, commercial or institutional" - are described in the DOT as having an "SVP" of 2. **[DE # 17 at 13]**. Claimant insists that the ALJ erred when he failed to ask Mr. Roman to explain this conflict. **[DE # 17 at 13]**.

The Eleventh Circuit addressed this issue in *Leonard v. Comm'r of Soc. Sec.*, 2011 WL 165439, at * 2 (11th Cir. Jan. 19, 2011). In *Leonard*, the court explained that Social Security Ruling 00-4p requires that when the testimony of a vocational expert conflicts with the DOT, the vocational expert's testimony "trumps the DOT." (citing *Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999)). "When an apparent conflict between the VE's testimony and the DOT arises, however, the ALJ 'must elicit a reasonable explanation for the conflict before relying on the VE's [testimony]. *See* SSR 00-4p; 65 Fed. Reg. 75759 (Dec. 4, 2000). The ALJ must also '[e]xplain . . . how any conflict that has been identified was resolved. *Id.*" *Leonard*, 2011 WL 165439, at * 2. Here, the ALJ failed to ask the expert for a reasonable explanation of the conflict because the ALJ found that "the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (Transcript at 27).

My review of the record reveals that the ALJ erred when he concluded that there was no conflict between the vocational expert's testimony and the description of the jobs in the DOT and, consequently, failed to question the expert regarding this conflict. In *Leonard*, the Eleventh Circuit found no error in the ALJ's use of a vocational expert's testimony on this issue because the ALJ in that case specifically asked the expert about the conflict between the claimant's ability to perform certain tasks and the DOT reasoning levels. 2011 WL 165439, at * 3.

In the instant case, however, the ALJ failed to ask the expert to explain the apparent conflict between the ALJ's limitation of Claimant to "simple tasks" and the vocational expert's testimony that Claimant can perform jobs with an SVP of two. Accordingly, it is appropriate to remand this matter for additional explanation from a vocational expert on

this issue. See Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (remanding case to ALJ for further proceedings where ALJ failed to question vocational expert about unresolved conflict between jobs identified by the vocational expert and the DOT's classifications).

As I recommend that this matter be remanded to the ALJ for additional testimony from a vocational expert, I do not address Claimant's remaining arguments at this time.

IV. CONCLUSION

Based upon my thorough review of the record, I find that the ALJ properly determined that Claimant did not show good cause for his failure to attend the administrative hearing. Thus, the ALJ correctly concluded that Claimant constructively waived his appearance at the hearing.

I conclude, however, that the ALJ failed to properly follow the procedure in HALLEX when he allowed the vocational expert to testify without having reviewed Claimant's entire record. Although the ALJ's conclusion was erroneous, this decision does not warrant a remand of this matter. The ALJ's failure to ask the expert to clarify the conflict between the ALJ's determination that Claimant is limited to simple tasks and the vocational expert's opinion that Claimant can perform jobs with a SVP level of two, warrants a remand of this matter. See Hackett, 395 F.3d at 1176. For the reasons set forth herein, the undersigned recommends that the decision of the Commissioner be REMANDED for the introduction of additional vocational testimony regarding available jobs in the national economy which

Claimant can perform.

Following remand, if the ALJ chooses to rely on the testimony of a vocational expert to support a determination that Claimant is able to perform certain jobs, the ALJ shall provide the vocational expert with all vocational evidence of record prior to the hearing. The ALJ shall specifically provide the expert with information concerning Claimant's limitation to performing simple tasks and his inability to understand and carry out detailed instructions. The ALJ shall elicit testimony from the vocational expert as to what jobs Claimant can perform and the DOT occupational information for those jobs in light of these limitations. To the extent that there is any conflict between Claimant's limitations and the vocational requirements of the jobs identified by the vocational expert, the ALJ shall "elicit a reasonable explanation for the conflict" before the ALJ may rely on the vocational expert's testimony to support a determination about whether or not the Claimant is disabled. See SSR 00-4p.

Accordingly, it is RECOMMENDED that the Commissioner's decision be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for rehearing on the issues detailed in this Conclusion section. Accordingly, the Motion for Summary Judgment filed by Claimant **[DE # 17]** be **GRANTED IN PART** and the Motion for Summary Judgment filed by Defendant **[DE # 18]** be **DENIED IN PART**.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Donald L. Graham, United States District Judge.

**DONE and ORDERED** in chambers at Miami, Florida this 25 day of February, 2011.

PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

cc:   Carlos Raurell, Assistant United States Attorney
      Lilli Marder, Esquire